THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

**IN ADMIRALTY**

IN THE MATTER OF:

THE COMPLAINT OF ANOTHER DAY IN
PARADISE BOAT CLUB, LLC, AS OWNER
*PRO HAC VICE* OF THE *M/V REEL BUSY II*            CASE NO.:
(HIN: GDJ00957J516) IN A CAUSE OF
EXONERATION FROM OR LIMITATION
OF LIABILITY,

       Petitioner.

_____/

## COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Petitioner, ANOTHER DAY IN PARADISE BOAT CLUB, LLC, as owner *pro hac vice* of the *M/V REEL BUSY II* (HIN: GDJ00957J516), (the "Vessel"), pursuant to Supplement Rule F of the Federal Rules of Civil Procedure, files its Complaint for Exoneration from or Limitation of Liability, and alleges as follows:

1. This Complaint sets forth an admiralty and maritime claim within the meaning of Supplemental Rule 9(h) and Local Admiralty Rule 7.01(d).

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1333 and 46 U.S.C §30501, *et seq.*

3. At all times material hereto, Petitioner was the owner *pro hac vice*, of the Vessel.

4. This Complaint is filed within six (6) months of Petitioner's receipt of first written notice of a possible claim against it, arising from the subject incident and subject to exoneration from or limitation of liability.

5. Venue is proper pursuant to Supplemental Rule F(9) because the incident giving rise to potential claims of liability against Petitioner occurred within this Court's jurisdiction.

6. The Vessel, a 2016 24' Glasstream center console, is a seagoing vessel per 46 U.S.C. § 30506(a).

7. The incident involving the Vessel occurred on October 1, 2016, in Florida territorial waters at or near 606 Sea Grape Drive, Ruskin, Hillsborough County, Florida (the "Incident").

8. The Incident involved an alleged injury on the Vessel, when a three (3) year old minor was left unattended on the captain's chair and allegedly sustained injuries as a result of a fall.

9. At all times material hereto, the Vessel was seaworthy, properly and efficiently supplied, equipped, and furnished; and well and sufficiently fitted and supplied with suitable machinery, tackle, apparel and appliances, all in good order and condition and suitable for the use for which it was engaged.

10. The Incident and any ensuing property loss, damages, personal injury and/or casualty were not caused by Petitioner's fault, or any person for whose actions Petitioner is responsible. Neither Petitioner nor the Vessel is liable to any extent, and Petitioner is entitled to exoneration from liability from all losses, damages, and injury, occasioned and incurred by or as a result of the Incident.

11. Alternatively, and without admitting liability, Petitioner alleges that in the event it or the Vessel should be held at fault to any parties by reason of the Incident set forth above, Petitioner claims such fault was occasioned and occurred without the privity or knowledge of Petitioner or any of its members, managers, directors, officers, stockholders, or any persons whose actions Petitioner is responsible, at or before the Incident.

12. The Vessel's value at the time of the Incident was $30,474.31. The value of the pending freight at the voyage's termination was zero. *See* Declaration of Value, attached hereto as **Exhibit "A."**

13. Subject to an express reservation of rights, Petitioner files contemporaneously herewith an *Ad Interim* Stipulation for Costs and Value in the appropriate form, offering stipulation of the Vessel's value in the amount of $30,474.31.

14. Should the Court require it, Petitioner is prepared to give bond or stipulation for any amount as may be ascertained and determined to be necessary under orders of this Court, and as provided by the laws of the United States and Federal Rules of Civil Procedure.

**WHEREFORE**, Petitioner respectfully requests:

a. Upon filing the *Ad Interim* Stipulation for Costs and Value herein described, this Court issue a notice to all persons, firms or corporations asserting claims for any and all losses, damages, injuries or destruction with respect to which Petitioner seek exoneration from or limitation of liability admonishing them to file their respective claims with the Clerk of this Court and to serve on Petitioner's attorneys a copy thereof, on or before the date specified in the notice;

b. Upon filing the *Ad Interim* Stipulation for Costs and Value herein described, this Court issue an injunction, per Supplemental Rule F(3), restraining the commencement or prosecution of any action or proceeding of any kind against Petitioner, its underwriters, or any of its property with respect to any claim for which Petitioner seeks limitation, including any claim arising out of or connected with any loss, damage, injuries or destruction resulting from the Incident described in the Complaint;

    c. If any claimant who filed a claim shall also file an exception contesting the value of the Vessel or its pending freight, if any, as alleged herein, and the amount of the *Ad Interim* Stipulation for Costs and Value, this Court shall order an appraisement of the value of the Vessel following the loss, the value of Petitioner's interest therein and pending freight, if any, per Local Admiralty Rule 7.06, and enter an Order for the filing of an amended stipulation for the aggregate value, as so determined, if any;

    d. This Court adjudge Petitioner and the Vessel, and its owners, masters, crew, employees, and agents, not liable whatsoever for any losses, damages, injuries or destruction, or for any claim whatsoever done, occasioned or incurred as the result of the Incident; or, in the alternative, if the Court should adjudge that Petitioner is liable in any amount whatsoever, that said liability may be limited to the value of Petitioner's interest in the Vessel, and may be derived pro rata among such claimants; and that a judgment be entered discharging Petitioner and the Vessel of and from any and all further liability and forever enjoining and prohibiting the filing or prosecution of any claims against Petitioner or its property as result of or in connection with the Incident; and

    e. This Court grant Petitioner such other and further relief that justice may require.

**[SIGNATURE BLOCK ON THE FOLLOWING PAGE]**

Dated: March 27, 2020          Respectfully submitted,

        /s/ Brandon Bushway
        **JULES V. MASSEE,** FBN: 41554
        jmassee@hamiltonmillerlaw.com
        **BRANDON BUSHWAY,** FBN: 1015247
        bbushway@hamiltonmillerlaw.com
        100 S. Ashley Drive, Suite 1210
        Tampa, Florida 33602
        **SERVICE E-MAIL**:
        JVMserve@hamiltonmillerlaw.com
        Tel: 813-223-1900 / Fax: 813-223-1933
        *Counsel for Petitioner, Another Day in Paradise Boat Club, LLC, as Owner Pro Hac Vice of the M/V REEL BUSY II*