THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

IN ADMIRALTY

IN THE MATTER OF:                                    CASE NO.: 8:20-cv-00726-VMC-CPT

THE COMPLAINT OF ANOTHER DAY IN PARADISE BOAT CLUB, LLC, AS OWNER PRO HAC VICE OF THE M/V REEL BUSY II (HIN: GDJ00957J516) IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY,

      Petitioner.
_____/

## PETITIONER'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT FOR EXONERATION AGAINST ALL NON-APPEARING POTENTIAL CLAIMANTS

Petitioner ANOTHER DAY IN PARADISE BOAT CLUB, LLC, as owner *pro hac vice* of the *M/V REEL BUSY II* (HIN: GDJ00957J516), (the "Vessel"), pursuant to Federal Rule of Civil Procedure 55(b)(2) and Supplemental Rule F(5), hereby moves for Entry of Final Default Judgment for Exoneration Against All Non-Appearing Potential Claimants, and in support thereof states:

1. On March 27, 2020, Petitioner filed a Complaint for Exoneration from or Limitation of Liability pursuant to the Limitation of Liability Act, 46 U.S.C. §§30501-30512, and Supplemental Rule F, for any injuries, death, damages, or losses of whatever description arising from a October 1, 2016 incident involving the Vessel. [DE 1].

2. Pursuant to Supplemental Rule F(4), the Court issued an Order Approving Amended *Ad Interim* Stipulation, Notice of Monition, and Injunction [DE 8] on April 15, 2020, ordering that the Notice of Monition be published in accordance with Supplemental Rule F and Local Admiralty Rules and that Petitioner mail, not later than the day of the second publication, a

copy of said Notice to every person known to have made any claim against Petitioner or the Vessel arising out the incident described in the Complaint. Said mailings and public notice of Monition have been made. *See* Notice of Filing Affidavit of Publication [DE 10].

3. Pursuant to Supplemental Rule F(4), the Court's Monition gave notice to all "persons or corporations" with claims with respect to the October 1, 2016 incident involving the Vessel. The Monition directed that all persons having such claims must file them as provided for in Supplemental Rule F with the Clerk of Court, and serve on or mail to Petitioner's attorney a copy thereof, **on or before June 15, 2020.** [DE 9].

4. The deadline for receipt of claims and answers has since expired.

5. No person or party has filed any claims or pleadings in this Limitation Action.

6. Accordingly, on June 16, 2020, pursuant to the Court's Order Approving Amended *Ad Interim* Stipulation, Notice of Monition, and Injunction, Supplemental Rule F(5), and Rule 55(a), Petitioner moved for Entry of Clerk's Default. [DE 11].

7. On June 17, 2020, the Clerk entered a default against all non-appearing potential claimants. [DE 12].

8. For the reasons set forth herein, an entry of final default judgment by the Court for exoneration against all non-appearing parties having an interest in this matter is ripe and proper.

**Memorandum of Law**

Entry of default against potential claimants who have not responded to a newspaper publication of a court's notice to assert claims by a certain date is proper. *See, e.g., Am. Com. Lines v. U.S.,* 746 U.S. F.2d 1351 (8th Cir. 1984); *In re Complaint of Refine Coach, Inc.*, Case No. 18-20110-Civ, 2019 U.S. Dist. LEXIS 41023 (S.D. Fla. Mar. 14, 2019).

In cases arising under Supplemental Rule F(4) and (5),

> **[A] default judgment will be entered against any potential claimant who has failed to respond to public notice of a complaint for exoneration from or limitation of liability within the established notice period when the petitioner has fulfilled his or her "obligation to publish notice of the limitation proceeding . . ."**

*In re Complaint of Newport Freedog, LLC*, Case No. 8:18-cv-647-T-23AEP, 2018 U.S. Dist. LEXIS 129829, at *5 (M.D. Fla. July 16, 2018) (emphasis added). The court in *In re Complaint of Newport Freedog, LLC* found plaintiffs had: 1) complied with the publication notice requirements; 2) the notice expressly stated the deadline for filing a claim or answer; and 3) the notice clearly stated the consequences for failing to file a timely claim, including default. *Id.* at *6. Accordingly, the court entered a final default judgment against all claimants who had not filed claims in the limitation proceedings within the deadline. *Id.* Specifically, in its Order Granting Default Judgment, the Court exonerated plaintiffs from liability against non-parties and advised that all persons and entities who failed to file a claim or answer are barred from filing any further claims or answers in the proceedings or in any other proceedings related to or arising out of the event described in the Complaint. *Id*.

Here, Petitioner complied with the publication notice requirements of Supplemental Rule F(4) and Local Admiralty Rule A(7). The Court's Order [DE 8] and Monition [DE 9] identify the consequences for failure to file claims within the time ordered, including potential default and

waiver of claims. Such notice by publication satisfies due process as to any potential claimants. As such, the time for filing claims has expired and the entry of final default judgment is warranted. *In re Tranter*, Case No. 2:17-cv-144-FtM-38MRM, 2018 U.S. Dist. LEXIS 32340, at *4–5 (M.D. Fla. Feb. 28, 2018); *In re Vass*, Case No. 9:17-CV-81031, 2018 U.S. Dist. LEXIS 23508, at *6–7 (S.D. Fla. Feb. 12, 2018).

Although default judgment against non-appearing parties may seem unusual and unnecessary, in the maritime law context of a limitation action, this procedure furthers the underlying policy of a limitation action. A limitation action allows a vessel owner to bring *all* claims against it and the vessel together in a *concursus*; default judgment as to potential claims clarifies and gives finality to the resolution of the subject matter. Moreover, a default judgment as to non-appearing potential parties gives effect to the language in Supplemental Rule F(2) which authorizes a limitation of liability complaint to "demand exoneration from as well as limitation of liability." Supplemental Rule F(2). A default judgment against any and all potential claimants is a judgment of *exoneration* as to those potential, unidentified claimants. *See Newport Freedog*, 2018 U.S. Dist. LEXIS 129829 at *2.

In sum, when a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise," entry of final default judgment is proper under Rule 55. Fed. R. Civ. P. 55(a). As shown by the record, any parties wishing to make a claim with respect to the subject Incident had to file a claim **by June 15, 2020.** [DE 8, 9]. The deadline to file a claim has lapsed; therefore, those unidentified parties are in default.

WHEREFORE, Petitioner respectfully requests the Court enter final default judgment of exoneration from liability against any parties who have not filed a claim or answer in these proceedings.

**Local Rule 3.01(g) Certification**

No other party has appeared in this action, so the undersigned counsel has not conferred with any other party or counsel with respect to the filing of the instant Motion. Petitioner has amicably resolved its differences with the only known claimant affected by the aforementioned incident, who has expressly agreed not to make a claim in the Limitation Action.

Dated: **June 18, 2020**                                Respectfully submitted,

*/s/ Brandon Bushway*
**JULES V. MASSEE,** FBN: 41554
jmassee@hamiltonmillerlaw.com
**BRANDON BUSHWAY,** FBN: 1015247
bbushway@hamiltonmillerlaw.com
100 S. Ashley Drive, Suite 1210
Tampa, Florida 33602
**SERVICE E-MAIL**:
JVMserve@hamiltonmillerlaw.com
Tel: 813-223-1900 / Fax: 813-223-1933
*Counsel for Petitioner, Another Day in Paradise Boat Club, LLC, as Owner Pro Hac Vice of the M/V REEL BUSY II*